UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

SHEENA M. TESORA,

             Plaintiff,          Civil No. 16-9265 (NLH/JS)

   v.

                                     **OPINION**

LYONS, DOUGHTY, VELDHUIS, P.C.,

             Defendant.

_____

**APPEARANCES:**

RC LAW GROUP, PLLC
By: Yaakov Saks, Esq.
285 Passaic Street
Hackensack, New Jersey 07601
    Counsel for Plaintiff

LYONS, DOUGHTY, VELDHUIS, P.C.
By: Stephen P. Doughty, Esq.
136 Gaither Drive, Suite 100
Mount Laurel, New Jersey 08054
    Counsel for Defendant

**HILLMAN, District Judge:**

    This is a Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., suit.[1]  Plaintiff alleges that she received a letter from the Defendant law firm which she claims does not comply with the FDCPA.  Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons stated herein, the Motion will be denied.

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

**I.**

The four-page complaint reads in relevant part:

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around December 15, 2015, Defendant sent the Plaintiff a collection letter.

11. The collection letter seeks to collect on a judgment entered against Plaintiff in the amount of $821.82.

12. The Letter includes the following paragraph: "As of today's date the outstanding balance stated above, remains unpaid. In addition to the balance stated above, the Superior Court of New Jersey, Special Civil Part requires a $35.00 fee to satisfy a judgment."

13. New Jersey Court Rule 4:48-1 states that "upon satisfaction of a judgment . . . a warrant ***shall be executed and delivered to the party making satisfaction*** . . ." (emphasis added).

14. The addition of this $35.00 collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

(Compl. ¶¶ 8-14)

**II.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d

347, 351 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

# III.

## A.

Defendant argues that "Plaintiff provides no information as to the nature of the debt she allegedly incurred. She has therefore not met the *Twombly* and *Iqbal* pleading requirements." (Moving Brief, p. 5) We would be inclined to grant Defendant's motion if we construed the complaint to allege a violation of the FDCPA arising out of Defendant's demand for the amount of the underlying judgment. Plaintiff's conclusory allegation that the underlying debt is one covered by the statute – if that provided the basis for her claim – would appear to be inadequate. See e.g., in *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, 2013 U.S. Dist. LEXIS 159192 at *5 (D.N.J. 2013)(granting motion to dismiss single, unadorned, and summary allegation that debt arose from transactions incurred for "personal, family, or household purposes").

However, such an argument mischaracterizes Plaintiff's claim. A fair reading of the Complaint suggests Plaintiff's claim is not based on the attempt to collect the underlying judgment. Rather, as her complaint clearly alleges "[t]he addition of this $35.00 collection fee . . . was an attempt to collect an amount not owed by Plaintiff." (Compl. ¶ 14) "[T]he *Twombly-Iqbal* duo have not inaugurated an era of evidentiary pleading. Nor do factual allegations become impermissible labels and conclusions simply because the additional factual allegations explaining and supporting the articulated factual allegations are not also included." *Hassan*

4

*v. City of New York*, 804 F.3d 277, 295-96 (3d Cir. 2015)(internal citations and quotations omitted).

Here, Plaintiff identifies the $35.00 fee, explains its relation to the underlying judgment and the Court rule from which it arises, and alleges, in essence, that Defendant sought to collect that fee, not the underlying judgment amount, by demand letter without legal or contractual justification in violation of the FDCPA. As it relates to the $35.00 fee, Plaintiff has alleged sufficient facts to put Defendant on notice of the nature of her claim. *See Twombly,* 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'").

**B.**

Defendant also argues that the letter concerning the $35.00 fee is neither: (1) false, deceptive or misleading, *see* 15 U.S.C. § 1692e; nor (2) an unfair or unconscionable means to collect the $35.00 fee, *see* 15 U.S.C. § 1692f. According to Defendant, the sentence, "[i]n addition to the balance stated above, the Superior Court of New Jersey, Special Civil Part requires a $35.00 fee to satisfy a judgment" (Compl. ¶ 12), "is a true, accurate and correct statement of the law." (Moving Brief, p. 6)

The problem with Defendant's argument is that a statement can be literally true and still be misleading, and therefore unfair or

unconscionable.  "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)(internal citation and quotation omitted).  One reasonable reading of the letter, from the viewpoint of the least sophisticated debtor, *Brown*, 464 F.3d at 455, is that $821.82 plus $35.00 is the amount that must be paid to satisfy the judgment, which undisputedly is inaccurate.[2]

Additionally, Defendant argues that § 1692f is a "catch-all provision" that cannot be the basis of a separate claim for conduct that is already explicitly addressed by other sections of the FDCPA.  Assuming, *arguendo*, that this is an accurate statement of the law, it is not a basis for dismissal at this early stage of the case.  Rule 8 expressly allows alternative, and even inconsistent, pleading. Fed. R. Civ. P. 8(d).

**IV.**

For the reasons stated above, Defendant's Motion to Dismiss will be denied.  An appropriate order accompanies this opinion.


Dated: July 27, 2017            __s/ Noel L. Hillman____
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[2] To be clear, we express no opinion on whether such a claim will ultimately prevail, only that Plaintiff has pled her claim with the required specificity.